## PRITCHARD v. BARTHOLOMEW.

APPEAL.—*Justice of the Peace.—Amendment.—Jurisdiction.*—Pending an appeal in the circuit court from a justice's judgment, the plaintiff, by leave, filed a second paragraph of complaint, in which he demanded judgment for three hundred dollars. The defendant thereupon moved to dismiss the action on the ground that the amount claimed was beyond the jurisdiction of a justice of the peace.

*Held,* that the motion should have been sustained. The limit of the justice's jurisdiction was two hundred dollars, and, by the statute, 2 G. & H. 576, sec. 67, it is provided that on an appeal the cause shall be tried under the same rules and regulations prescribed for trials before justices.

SAME.—*Remittitur.*—An offer to remit the excess of the judgment over the amount claimed before the justice could not cure the error of overruling a motion to dismiss the action made after the amendment of the complaint in the circuit court by which the amount demanded exceeded the jurisdiction of a justice of the peace.

From the Marion Circuit Court.

*B. F. Davis* and *J. C. Pearson,* for appellant.

*P. W. Bartholomew,* for appellee.

DOWNEY, C. J.—Bartholomew sued Pritchard before a justice of the peace for seventy-five dollars, for legal services and labor as an attorney at law, said services being rendered for Sarah Pritchard, wife of the defendant, in the cases of *Sarah Pritchard* v. *Benjamin F. Pritchard,* and in the case of *Benjamin F. Pritchard* v. *Sarah Pritchard,* which the defendant faithfully promised to pay, etc. The plaintiff obtained judgment for the amount sued for, before the justice of the peace, and the defendant appealed to the circuit court. In the circuit court, the plaintiff, by leave of the court, filed a second paragraph of the complaint, predicated upon a written promise to pay the attorney's fees of Mrs. Pritchard, if any were to be paid, and claiming that the services were worth three hundred dollars, and demanding judgment for that amount. The defendant then moved the court to dismiss the action, for the reason that the amount claimed in the second paragraph was beyond the jurisdiction of a justice of the peace. This motion was overruled by the court. The

Pritchard *v.* Bartholomew.

defendant then moved the court to strike out the second paragraph of the complaint, on the ground that the circuit court should try the cause on the same pleadings that it was tried upon before the justice of the peace, or tax the plaintiff with costs up to the time of filing the amendment to the complaint. This motion was also overruled, but in the final judgment the court did render judgment in favor of the defendant for the costs before the justice of the peace, which was in substance what was demanded by the latter alternative branch of the motion. A trial by the court resulted in a finding for the plaintiff in the sum of one hundred dollars. A motion by the defendant for a new trial was overruled, and there was final judgment for the plaintiff, except as to the costs before the justice of the peace.

One of the errors assigned is the refusal of the court to dismiss the action in the circuit court, on account of the amount claimed in the second paragraph of the complaint, being beyond the jurisdiction of a justice of the peace. The extent of the justice's jurisdiction was two hundred dollars. 2 G. & H. 579, sec. 10. The statute relating to appeals from a justice of the peace provides that the cause shall be tried in the appellate court under the same rules and regulations prescribed for trials before justices; and amendments of the pleadings may be made on such terms, as to costs and continuances, as the court may order. 2 G. & H. 596, sec. 67. It is conceded by counsel for the appellant, that the court may allow an amendment of the pleadings, on terms as to costs, in the appellate court, but insisted that if such amendment exceeds in amount the jurisdiction of the justice of the peace, the appellate court is ousted of its jurisdiction, as the justice would have been had the amendment been made before him. In *Miller* v. *Beal*, 26 Ind. 234, the court conceded the right to amend on appeal, by saying: "But we are not inclined to regard it as error to permit such an amendment, so long as the jurisdiction of the justice was not exceeded." See, also, *Boggs* v. *Near*, 20 Ind. 395.

Counsel for appellee contend that as the first paragraph of

the complaint remained as it was before the justice of the peace, the fact that the second paragraph exceeded the amount of the justice's jurisdiction did not affect the jurisdiction of the circuit court. We do not see the force of this reasoning. The first paragraph claimed seventy-five dollars, and the second claimed three hundred dollars. These, together, made three hundred and seventy-five dollars. But again, the appellee proposes to remit twenty-five dollars of the judgment, thus reducing it to seventy-five dollars, the amount of the original demand. We cannot think that this would cure the error committed by the court in refusing to dismiss the action. In our opinion, the court should have sustained the motion of the defendant to dismiss the action.

There were several points made upon the motion for a new trial, which we deem it unnecessary to consider, in view of the conclusion at which we have arrived upon the question already decided.

The judgment is reversed, with costs; and the cause is remanded, with instructions to sustain the motion to dismiss the action.