## JACKSON *v.* SWOPE.

APPEAL FROM JUSTICE OF THE PEACE.—*Amendment.*—*Waiver.*—Where a cause, commenced before a justice of the peace, was appealed by the defendant to the circuit court, and he there amended his answer of counter-claim, so as to claim a judgment against the plaintiff for seven hundred dollars after satisfying the claim of the plaintiff, the plaintiff not objecting to the amendment or taking any steps in relation thereto, and after issue joined upon the answer, the cause was, by agreement, referred to arbitrators, whose decision was to be final, judgment to be rendered thereon, and the arbitrators heard the cause, and reported to the court a finding in favor of the defendant for three hundred and ninety-seven dollars and sixty-eight cents, it was then too late for the plaintiff to object, he having waived the objection to the amount claimed by the defendant's amendment, which he might have made at the proper time, and it was error for the court to then dismiss the cause.

From the Morgan Circuit Court.

*W. R. Harrison* and *W. S. Shirley*, for appellant.

*S. Claypool, F. P. A. Phelps,* and *S. Harriman,* for appellee.

DOWNEY, J.—Swope sued Jackson before a justice of the peace, for the price of goods sold and delivered. The complaint was in two paragraphs, each demanding judgment for eighty-seven dollars and eighty cents. The defendant pleaded a counter-claim, claiming judgment for two hundred dollars, after satisfying the plaintiff's demand.

The justice of the peace rendered judgment for the plaintiff in the sum of seventy-eight dollars and forty-four cents. The defendant appealed to the circuit court.

In the circuit court, the defendant amended his answer, and demanded judgment for seven hundred dollars, after satisfying the plaintiff's claim. The plaintiff replied by a general denial.

By an order of the court, on an agreement in writing, "the cause, as contained in the complaint, and answer and reply, and the issues in said cause," was referred to Jackson L. Jessup and David George, arbitrators, giving them the privilege of choosing a third man as an umpire in said cause.

It was agreed that the decision should be final, and should be entered of record in the said Morgan Circuit Court, and that judgment thereon should be rendered by said court.

A time and place were fixed for the meeting of the arbitrators. The parties each executed to the other bond with surety to abide by and perform the award and the judgment of the court thereon. At the time and place agreed upon, Jessup, one of the arbitrators, did not attend, and, by agreement of the parties and upon order of David George, the other arbitrator, another time and place were fixed for the meeting. Afterward, the referees reported to the court, that at the time and place agreed upon they met, the parties being present, and, in pursuance of the agreement, selected Wesley Allen as umpire; that after hearing the allegations and proofs, George, one of the arbitrators, and Allen, the umpire, agreed and awarded that Swope was indebted to Jackson in the sum of

three hundred and ninety-seven dollars and sixty-eight cents; that Swope should pay that amount to Jackson, with interest from that date, and that Swope should pay the costs of the action.

It is stated in the report, that a disagreement having occurred between the arbitrators, the umpire was called upon and did aid in making the award. They also reported an itemized statement of the costs of the arbitration. Jessup, who signed another report or statement, was in favor of giving Jackson one hundred dollars only, and hence did not agree with the other arbitrator.

The defendant moved the court for judgment in his favor on the report. The plaintiff moved the court to strike the cause from the docket. Afterward, the defendant again moved for judgment on the report, and filed a notice of such motion, which he had caused to be served on the plaintiff.

It was then agreed, that " if the said defendant, Eli Jackson, shall, at the next term of this court, upon some day during the first week of the term, make such proof as shall entitle him, the defendant, to a rule of this court against said plaintiff, to show cause why said judgment should not be rendered by this court upon the award heretofore filed in this cause, then the said Samuel Swope agrees to waive service of notice of said rule, and to answer said rule without service of notice thereof immediately during said term, or upon any day that the court may order and direct; and the said Swope now enters his special appearance for the purpose of making this agreement; and this is to be without prejudice to his right to insist upon his motion to have said action dismissed."

It was stipulated by the defendant that the execution of the agreement should not waive his " right to insist that the case was referred to George and others to report as referees."

Under this agreement, the cause was continued until the next term of the court.

At the next term, the court overruled the motion of the plaintiff to strike the cause from the docket, and also the motion of the defendant for judgment on the report. The court then

entered a rule that the plaintiff show cause why judgment should not be rendered upon the award filed and recorded, to which the plaintiff excepted.

The plaintiff then filed his reasons why judgment should not be rendered on the report.

The defendant demurred separately to the grounds of objection to the report, and his demurrer was overruled. He then replied by a general denial.

There was a trial by the court and a finding for the plaintiff, and that judgment ought not to be rendered on the award.

The defendant moved for a new trial, his motion was overruled, and final judgment rendered on the finding, that the defendant take nothing upon the said award, that the cause be stricken from the docket, and that the plaintiff recover his costs.

The errors assigned are the following:

1. Refusing to enter judgment in favor of the appellant upon the report of the referees.

2. Overruling the appellant's demurrer to the answer setting up reasons why judgment should not be rendered on the report of the referees.

3. Striking the cause from the docket on motion of appellee.

4. In rendering judgment in favor of the appellee for costs.

5. In refusing to grant a new trial on motion of the appellant.

The first question made is with reference to the jurisdiction of the circuit court. It is urged by counsel for appellee, that when the answer was amended in that court so as to claim an amount greater than that of which the justice of the peace had jurisdiction, the action should, for that reason, have been dismissed. The practice in appeals from justices of the peace seems to have been to treat the case, for many purposes, as if still pending in that court. It has accordingly been held, that the plaintiff cannot amend his complaint in the circuit court so as to claim an amount greater than that of which the

justice of the peace had jurisdiction. *Pritchard* v. *Bartholo-mew*, 45 Ind. 219.

If, in the justice's court, the amount of the plaintiff's claim exceed the jurisdiction of the justice, the action should be dismissed; and if the defendant, after crediting the plaintiff's demand, claim a balance larger than the amount of which the justice has jurisdiction, his claim should be rejected. *Alexander* v. *Peck*, 5 Blackf. 308.

In the case cited, the defendant had filed before the justice of the peace a claim larger than that of which the justice had jurisdiction, and it was decided that it should have been set aside and rejected on motion in the circuit court.

Under these rulings, it is evident that if the plaintiff had moved the court to reject the counter-claim of the defendant filed in the circuit court, his motion should have been sustained. But he did not do this, but took the chances of getting a finding in his favor, and not until he was disappointed in this did he make any question as to the jurisdiction of the court.

The circuit court had jurisdiction of the amount claimed by the defendant, had the action originated in that court, and we are required, therefore, to decide the question whether, when one or both of the parties, on appeal from the judgment of a justice of the peace, pleads *de novo*, or amends the pleadings so as to claim an amount greater than he could have claimed before the justice of the peace, and no objection is made by his adversary, this is not to be regarded as a waiver of the objection which might have been made. We do not forget that it is a well settled rule of law, that consent of the parties cannot confer upon a court jurisdiction of a subject-matter, where the law does not give it. But this is not such a case.

As we have already said, the circuit court had jurisdiction of the amount claimed by the defendant, had the action originated in that court. There is no case, we think, where it has been held that the circuit court is ousted of its jurisdiction by an amendment in that court on appeal, unless the objec-

tion was made at the time. We must either hold that the objection was waived by not making it at the time, or we must decide, as the circuit court appears to have done, that the court was ousted of its jurisdiction, and the whole proceeding void after the filing of the answer. We think we should hold, and accordingly we do hold, that the objection was waived, because it was not made in proper time.

The court must have disposed of the case on the ground that there was no longer any jurisdiction of the cause in the court, on account of the amendment of the answer; for otherwise the court should not have dismissed the action, but, if the report of the referees or arbitrators was set aside, should have again referred the cause, or proceeded to try it in some legal mode. Even had the plaintiff chosen to dismiss his action, in the event that the report was set aside, this would not have prevented the defendant from proceeding to judgment on his counter-claim. 2 G. & H. 217, sec. 365.

Inasmuch as it seems clear that the court erred in dismissing the action, and that the court did not pass upon the validity of the report of the referees or arbitrators, we will proceed no further in the examination of the questions in the case, until there has been a decision upon them in the circuit court.

The judgment is reversed, with costs, and the cause remanded for further proceedings.