### Mays v. Dooley.

JURISDICTION.—*Justice of the Peace.*—*Amendment.*—*Amount Sued for.*—*Pleading.*—Where, in an action on a demand, in a justice's court, an amended complaint, of more than one paragraph, is filed, the jurisdiction of the justice is ousted if the aggregate amount of the sums demanded exceed the amount of which he has jurisdiction, though the sum demanded by each paragraph, and by the original complaint, be less than that amount, unless the conclusion of the complaint limit the demand to that amount.

SAME.—*Appeal.*—*Circuit Court.*—In such case, the circuit court, on appeal from such justice, has no jurisdiction of the action.

From the Parke Circuit Court.

*S. F. Maxwell* and *S. D. Puett*, for appellant.

*T. N. Rice* and *J. T. Johnston*, for appellee.

NIBLACK, J.—Dooley, the appellee, sued Mays, the appellant, before a justice of the peace, on a demand for one hundred and twenty dollars.

Before the trial, an amended complaint was filed, in four paragraphs.

The first paragraph set up a claim for eighty dollars.

The second paragraph, in a somewhat different form, also set up a claim for the same amount.

The third paragraph stated facts on which judgment was demanded for one hundred dollars.

The fourth paragraph alleged, that there was due the plaintiff, on a different state of facts, the sum of one hun-

Mays *v.* Dooley.

dred and twenty dollars, for which judgment was also demanded.

There was a finding and a judgment for the defendant before the justice.

The plaintiff appealed to the court below, where a demurrer was sustained to the first three paragraphs of the complaint, as amended, and where, on a trial on the fourth paragraph, a verdict was returned and a judgment rendered in his favor

One of the errors assigned here raises the question of the jurisdiction of the circuit court to try and determine the cause on the appeal.

The aggregate sum of money claimed to be due by the several paragraphs of the complaint considerably exceeded two hundred dollars, the limit of the justice's jurisdiction in such cases as the one at bar; and there was no conclusion to the complaint limiting the gross sum for which judgment was demanded to an amount within the jurisdiction of the justice.

After the filing of the amended complaint, the justice had no further jurisdiction of the cause, and all the subsequent proceedings before him were a nullity. *Swift* v. *Woods*, 5 Blackf. 97; *Wetherill* v. *The Inhabitants, etc.*, 5 Blackf. 357; *Culley* v. *Laybrook*, 8 Ind. 285; *Guard* v. *Circle*, 16 Ind. 401.

The justice being without jurisdiction, the circuit court acquired no jurisdiction by the appeal. *Pritchard* v. *Bartholomew*, 45 Ind. 219.

The circuit court was without jurisdiction to act on the demurrer to the complaint, and hence the sustaining of the demurrer to three of the paragraphs of the complaint did not in any manner bring the cause within its jurisdiction

The judgment is reversed, at the costs of the appellee, and the cause remanded, with instructions to the court below to dismiss the action.