No. 739.

## BLANEY ET AL. *v.* POSTAL.

PLEADING.—*Counterclaim.*—*Sufficiency of.*—A pleading by a defendant, which states facts arising out of the subject-matter declared on in the complaint sufficient to constitute in his favor an independent action, is good as a counterclaim.

From the Allen Circuit Court.

*A. A. Chapin* and *C. O. Broxton,* for appellants.
*E. V. Harris* and *T. E. Ellison,* for appellee.

Ross, J.—The appellee sued the appellants, as partners, and recovered judgment in the court below for the breach of the following contract, viz.:

"FORT WAYNE, IND., August 28th, 1891.

"This contract witnesseth that J. S. Postal and the Fort Wayne Portrait Company, per M. L. Blaney, manager, have agreed as follows: That J. S. Postal shall work for said company at $1,000 per year, or $20 per week, beginning September 15th, 1891, this contract to extend to at least one year, and in the event of any change in the firm said Postal to be continued as half partner.

"It is understood and agreed that the said Postal and wife shall occupy the rear room as an office to be furnished by them, without further charges to them, with gas furnished for fuel.

"It is understood that said Postal shall work on an average at least four portraits per day of sizes not greater than 16x20, and of grade A.

"(Sig.)                    M. L. BLANEY,
"Mgr. Fort Wayne Portrait Co.,
"J. S. POSTAL,
"M. J. BRADEN,
"DAVID BRADEN."

The appellee, in his complaint, after alleging the terms of the contract, avers that he commenced work under said contract, and while in the employ of appellants performed each and every condition to be performed by him until December 19th, 1891, when the appellants, without cause, discharged him, having previously misused, abused, and maltreated him; that he was ready and willing to continue in their services, but that they refused to further perform said contract on their part, to appellee's damage.

To this complaint the appellants filed several answers, to the fifth paragraph of which the court sustained a demurrer. The substance of this paragraph of the answer, after admitting the making of the contract sued on, is that said contract provided that in the event of any change in appellant's firm, of which the appellant Blaney was the owner of one-half, and the other appellants of the other half, the appellee, Postal, was to be continued in the firm as a half partner; that on or about the 15th day of December, 1891, the appellants Melissa J. and David Braden notified appellee that on the first day of January, 1892, they would retire from said partnership, and offered to be responsible to appellee for his wages until their retirement, and that they requested him to take their interest upon their retirement, and become a half partner therein as provided in said contract, and that appellee refused to take said interest and become a partner, and on or about the 19th day of December, 1891, voluntarily left the employ of appellants; that the most profitable time for appellants' business was from the time appellee quit their employ until the first of January, which fact was well known to appellee, and that by reason of his failure to perform his part of said contract they were damaged in the sum of two hundred dollars.

While the record shows this paragraph to have been

filed simply as an answer in bar, it was in fact recognized as a counterclaim, and as such we must determine its sufficiency. A counterclaim is in the nature of a complaint, and, in order to withstand a demurrer, must contain facts sufficient to entitle the defendant to affirmative relief against the plaintiff. *Brower* v. *Nellis*, 6 Ind. App. 323; *Branham* v. *Johnson*, 62 Ind. 259.

And it must state a cause of action without any reference to the allegations of the complaint. It is not in the nature of a defense to the original action, but is in itself an independent action arising out of the same subject-matter declared on in the original complaint. A counterclaim can embrace only such matter as arises out of, or is connected with, the cause of action declared on in the complaint, and new matter can not be introduced therein. *Douthitt* v. *Smith, Admr.*, 69 Ind. 463.

The pleading in question contains the necessary allegations with reference to the making of the contract sued on, and that the appellant violated the same on his part by leaving their employ during the busy season, and at a time when his services were most needed, by reason of which they were damaged, etc. While we can not commend it as a model pleading, yet we think it stated facts sufficient to constitute an independent action.

Other questions are presented by the record, which arose on the trial of the cause, but, inasmuch as the issues will be changed, they may not arise on another trial, hence we refrain from considering them.

Judgment reversed, with instructions to overrule the demurrer to the fifth paragraph of answer or counterclaim, and for further proceedings not inconsistent with this opinion.

Filed Sept. 29, 1893; petition for a rehearing overruled May 17, 1894.

# CASES

## ARGUED AND DETERMINED

IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1894, IN THE SEVENTY-EIGHTH YEAR OF THE STATE.