Chicago and Southeastern Railway Company *v.* Daily.

Wiley, C. J., took no part.

---

CHICAGO AND SOUTHEASTERN RAILWAY COMPANY *v.* DAILY.

[No. 2,326.    Filed October 27, 1897.]

COMPLAINT.—*Fires from Railroads.—Negligence.—Contributory Negligence.*—A complaint against a railroad company for damages to property from fire escaping from right of way, which alleges that the fire was by defendant carelessly and negligently allowed to escape to plaintiff's adjoining premises, and burn up and destroy plaintiff's property, without the fault or negligence of plaintiff, sufficiently shows negligence upon defendant's part, and negatives contributory negligence on the part of plaintiff. *p. 309.*

APPEAL AND ERROR.—*Complaint Attacked for First Time in Appellate Court.*—Under proper assignment of error any defect in a complaint which would have been an available ground of demurrer before judgment can be taken advantage of in the Appellate Court, where such judgment is taken by default. *pp. 309, 310.*

SAME.—*Assignment of Error.—Complaint.*—Where the sufficiency of the complaint as a whole is assigned as error, and any paragraph thereof is good, the sufficiency of the other paragraph, cannot be questioned. *p. 310.*

From the Boone Circuit Court.    *Affirmed.*

*W. R. Crawford* and *U. C. Stover*, for appellant.

*Patrick H. Dutch*, for appellee.

HENLEY, J.—In this cause a judgment on default was rendered against appellant. The complaint was in two paragraphs, and demanded damages for the value of appellee's property, which was destroyed by fire. The first paragraph of the complaint alleges that appellee owned the fee simple title and was in the possession of certain real estate in Boone county, Indiana; that said land adjoined and abutted upon the appellant's right of way; that three acres of appellee's said land was set with fine young fruit trees and producing vines and bushes and was an orchard; that the said orchard abutted and adjoined appellant's right of way; that appellant carelessly and negligently suffered and permitted coals of fire to be dropped and sparks to be emitted from its locomotive engine, which set fire to dry grass and weeds, rubbish and other combustibles which appellant had negligently suffered and permitted to gather, accumulate and remain on its road and right of way along its said track and near to appellee's premises; that such fire so kindled was by appellant carelessly and negligently allowed, suffered, and permitted to escape to appellee's adjoining premises, and burn up and destroy appellee's property, without the fault, carelessness, or negligence of appellee. These allegations were sufficient to show negligence upon appellant's part, and to negative contributory negligence on the part of appellee.

This conclusion renders it unnecessary for us to consider the sufficiency of the second paragraph of the complaint. No demurrer was filed in the lower court, and the complaint is attacked for the first time in this court by the assignment of errors.

The judgment having been rendered on default, any defect in the complaint which would have been available as a ground of a demurrer before judgment, can be taken advantage of in this court under the proper assignment of error. *Old* v. *Mohler*, 122 Ind. 594.

The sufficiency of the complaint as a whole may be assigned as error in this court, but if any paragraph of the complaint be good the error is not available, and the sufficiency of the other paragraphs cannot be questioned. *Trammel* v. *Chipman*, 74 Ind. 474.

The sufficiency of the complaint is all that is discussed by appellant's counsel in their brief filed herein.

The first paragraph of complaint is clearly sufficient.

The judgment is affirmed.