Flanagan *v.* Reitemier.

---

### Flanagan *v.* Reitemier.

[No. 3,208.   Filed February 15, 1901.]

Pleading. — *Argumentative Denial.* — *Confession and Avoidance.* — *Landlord and Tenant.—Action for Rent.*—In an action for rent the first paragraph of complaint counted upon an implied promise. The second paragraph alleged that plaintiff leased defendant the premises for one year, at a certain price per month, with the privilege of continuing the lease for three years; that defendant occupied the premises for one year and then elected to keep the premises for three years, and paid the rent for a certain portion of the additional term, but failed to pay the rent for six months, for which plaintiff demanded judgment. Defendant answered denying the indebtedness, and denying that he occupied the premises during the six months for which rent was demanded, and alleged that there was a different contract by which plaintiff agreed that defendant should have in addition the outer wall of the building for a business sign when a certain lease thereon expired, until the expiration of his lease, but that plaintiff refused to surrender the possession thereof, contrary to the terms of the contract. *Held,* that the answer was, in effect, an argumentative denial, and not an answer in confession and avoidance, and overruling a demurrer thereto was not error. *pp. 244-247.*

PLEADING.—*Counterclaim.*—*Demurrer.*—The statute permits a counterclaim to be filed as an answer, but it must allege facts which would constitute a cause of action against the plaintiff, and a demurrer thereto on the ground that it "does not state facts sufficient to constitute a defense or counterclaim to the plaintiff's cause of action" is insufficient. *pp. 247, 248.*

SAME.—*Appeal from Justice of Peace.*—*Amendment.*—*Increase of Demand.*—*Jurisdiction.*—Where on appeal from a justice of the peace to the circuit court, upon leave of court, and by agreement of the parties, plaintiff filed an amended complaint increasing the demand beyond the jurisdiction of a justice of the peace, the source of jurisdiction of the circuit court was not thereby changed, and the case was governed by the statute prescribing the rules governing appeals from justices of the peace to the circuit courts. *pp. 248-253.*

From the Cass Circuit Court. *Affirmed.*

*J. C. Nelson, Q. A. Myers, S. T. McConnell* and *A. G. Jenkines,* for appellant.

*G. W. Walters, D. D. Dykeman* and *G. C. Taber,* for appellee.

COMSTOCK, J.—Appellant began this action before a justice of the peace upon a claim for $120 rent. Before the justice, appellant recovered judgment for $80. From this judgment appellee appealed to the Cass Circuit Court. In the circuit court appellant filed an amended complaint in two paragraphs, demanding judgment for $300. To each of these paragraphs appellee filed an answer in seven paragraphs, the first being a general denial, the others special defenses. He also filed a counterclaim. The cause was put at issue and tried by the court and jury, resulting in a verdict and judgment in favor of appellee.

Appellant has assigned as error (1) the overruling of appellant's demurrer to the sixth paragraph of answer; (2) the overruling of appellant's demurrer to the eighth paragraph of answer; (3) in overruling appellant's motion for a new trial.

Appellant's counsel characterize the sixth paragraph of answer as one in confession and avoidance, and insist that it is bad because it "does not overcome by affirmative alle-

gations the *prima facie* case which it confesses and seeks to avoid."

The first paragraph of the complaint alleges that the defendant is indebted to the plaintiff in the sum of $240 for rent of the plaintiff's building for the months of June, July, August, September, October, and November, 1897, at the rate of $40 per month, payable monthly. The claim is limited to the six months named. It does not count upon any lease written or oral, nor upon any express promise to pay rent.

The second paragraph alleges that the appellant leased to appellee by a written lease certain premises for one year from March 17, 1896, for $40 per month, payable monthly; that it was one of the terms of said lease that appellee should have the privilege of continuing said lease for the term of three years; that appellee occupied the premises for one year, and then elected to keep the premises for three years, and paid the appellant for March, April, and May, 1897, of the additional term, but failed to pay for June, July, August, September, October, and November, 1897, for which he demands judgment for $300.

The sixth paragraph of answer is addressed to both paragraphs of the complaint, and to each of them separately and severally. It alleges that as a part of said contract of leasing it was agreed between plaintiff and defendant that, in consideration of an entire sum of $40 per month, the defendant was to have the north outer wall of said brick building situated upon said premises for a business sign from and after December 1, 1896, when a previous lease on said wall would expire, until the expiration of said lease; that on and after December 1, 1896, the defendant demanded possession of said outer wall for said sign purposes, but the plaintiff refused to surrender possession of said leased premises to defendant, but has always since kept him out of the possession of said outer wall, contrary to the terms of said lease; that because of said refusal and

the ouster of defendant from said portion of said leased premises by the plaintiff, the defendant on or about the 1st day of June, 1897, vacated and surrendered the whole of said premises and threw up the lease, all of which was before any part of the rent claimed in either of said paragraphs fell due.

Considered as an answer to the first paragraph of the complaint, it cannot be considered as an answer in confession and avoidance. It denies that appellee is indebted to the appellant for rent for the six months, and denies that he occupied the premises for those months. It does not confess the occupation of the premises, or any liability for the rent for the time named in the first paragraph, but denied it by a different state of facts. The first paragraph is upon an implied promise to pay rent; the answer set up an express contract between the parties prior to the six months; that appellant had refused to carry it out, and that by reason thereof the contract had been terminated.

The paragraph under consideration, as to the second paragraph of the complaint, denies the contract as set out in the complaint, and alleges that there was a different contract by which appellant agreed, in consideration of the sum of $40 per month, that appellee should have an additional portion of the premises, viz., the outer wall of the building situate on the premises for a business sign from December 1, 1896, until the expiration of said lease. It avers that this additional portion of the premises was at the time under another lease, which would not expire until December 1, 1896, and that consequently appellee could not get possession of it when the contract was made, and did not get possession of it; that on December 1, 1896, appellee demanded possession of said outer wall for sign purposes, but that appellant refused, and still refuses, to surrender possession thereof, and has always since said time kept possession of said wall, contrary to the terms of the lease, etc. It is claimed by counsel for appellant that this

paragraph is an attempt to plead in confession and avoidance of the second paragraph of the complaint also, but that it does not successfully avoid the same. This paragraph in effect is an argumentative denial of the facts alleged in both paragraphs of the complaint. The facts alleged are inconsistent with the truth of the material facts averred in both paragraphs of the complaint. It puts them in issue, and places the burden of such issue upon plaintiff. *Rothrock* v. *Perkinson,* 61 Ind. 39; *Kinney* v. *Dodge,* 101 Ind. 573; *Shulse* v. *McWilliams,* 104 Ind. 512.

It is not error to overrule a demurrer to an argumentative denial. *Sohn* v. *Jervis,* 101 Ind. 578; *Crum* v. *Yundt,* 12 Ind. App. 308; *Seiberling* v. *Rodman,* 14 Ind. App. 460.

Counsel for appellant, proceeding upon the theory that the answer is one in confession and avoidance, points out what they claim to be its defects as such pleading; but in view of the conclusion reached that the paragraph is an argumentative denial, it does not seem necessary to discuss or further consider them.

Counsel next discuss the second specification of the assignment of errors, the overruling of appellant's demurrer to appellee's eighth paragraph of answer. Appellee filed an answer in seven paragraphs, and in addition filed a counterclaim. The statute permits a counterclaim to be filed as an answer. §350 Burns 1894. But it must allege facts which would constitute a cause of action against the plaintiff. *Blue* v. *Capital Nat. Bank,* 145 Ind. 518. Counsel for appellee make the point that the form of the demurrer is not sufficient to challenge the pleading in question. It purports only to be a counterclaim; it is a claim upon a separate cause of action growing out of the same subject-matter; it is not in bar. It alleges that by reason of the breach in the covenant to repair and improve the cellar, appellee was damaged in the sum of $120, and by reason of the refusal to furnish the additional premises for sign

purposes after December 1, 1896, he is damaged in the sum of $300.

The form of the demurrer is that said paragraph "does not state facts sufficient to constitute a defense or counter-claim to the plaintiff's cause of action." As a counter-claim must allege facts sufficient to constitute a cause of action, the demurrer thereto should have been that it did not state facts sufficient to constitute a cause of action. The ground stating that it does not state facts sufficient to constitute a counterclaim is one not known to the statute, and should have been overruled. *Lane* v. *State,* 7 Ind. 426; *Tenbrook* v. *Brown,* 17 Ind. 410; *Campbell* v. *Routt,* 42 Ind. 416; *Blue* v. *Capital Nat. Bank, supra.*

Apart, however, from the form of the demurrer, we are of the opinion that the pleading contains facts sufficient to withstand a demurrer. *McCoy* v. *Oldham,* 1 Ind. App. 372; *Ross* v. *Stockwell,* 19 Ind. App. 86; *Hopkins* v. *Ratliff,* 115 Ind. 213.

The trial court held that the cause came to the circuit court by appeal, and that it was governed by the same rules of pleading and practice as would govern the justice, and that the defendant was entitled to introduce all defenses without plea, except the statute of limitations, set-off, plea in abatement, and *non est factum.* Under the third specification of error this ruling of the circuit court is questioned.

Counsel for appellant contend that the court below exercised original jurisdiction, the same as if the cause had been begun in that court, and was not governed by the rules of pleading and practice in justice of the peace courts. Appellant's position is, that after the complaint was amended, in the absence of an agreement that the amended complaint should be filed, the appellee on motion might have had the cause dismissed for want of jurisdiction; but that as no question of jurisdiction was raised in the court below, and a full appearance entered to the amended complaint, and answers filed thereto, the court having original jurisdiction

of the subject of the action the cause proceeded to final judgment as if it had been begun in the circuit court without summons, and appellee had appeared to the action and answered the complaint; that jurisdiction could not have been conferred on a justice of the peace in a suit in which the demand exceeded $200; in entering his appearance to the complaint, he submitted to the jurisdiction of the circuit court, although not compelled to do so.  Citing *Goodwin* v. *Walls*, 52 Ind. 268.  It was an action commenced before a justice of the peace where plaintiff recovered a judgment for $25.  In the circuit court leave was granted both parties to amend their pleadings.  In his amended complaint, the plaintiff set out a claim for an amount larger than that of which the justice had jurisdiction, and the court held that he could not complain of an answer thereupon filed, because the claim set out therein was for an amount exceeding the jurisdiction of the justice. The question arose upon a motion to reject the answer of the defendant.  The court says: "The plaintiff cannot fairly claim to increase the amount of his demand to an amount beyond $200, and at the same time insist that the defendant's demand shall be kept at or below $200."  With deference to the learned counsel, the case does not lend their position support.

Appellant's position is further stated as follows:  After the amended complaint was filed, the appellee could have done one of three things:  He could have successfully moved the court to strike out the amended complaint; he could have moved to dismiss plaintiff's cause of action, or he could have waived these rights, and appeared to the amended complaint and demurred or answered.  Choosing the latter course, the rules of practice governing the trial of causes in the circuit court would control.

We cannot say that this would follow.  Appellee had the right to object to the enlargement of the jurisdiction of the justice upon appeal in the circuit court; in failing to object,

he waived that right. Appellant could have instituted a new suit in the circuit court. This would have created a new jurisdiction. To this appellee could not have objected. But by appeal appellant could not enlarge the jurisdiction of the circuit court upon appeal, and thus oust the jurisdiction of the justice. Appellee had already appeared to the action; he consented only to the increase of the demand by amendment of the complaint to which he was appearing. The answer filed by appellee to the amended complaint did not make a new appearance; his appeal from the justice constituted an appearance, and no other appearance was necessary. *Baltimore, etc., R. Co.* v. *Tess,* 2 Ind. App. 507.

The reports contain two classes of cases arising on appeal to the circuit court from justices of the peace, one where the justice had no jurisdiction, the other where the justice did have jurisdiction. In the first class where a cause is prosecuted before a justice of the peace for a sum exceeding $200, the judgment is void because the justice of the peace has no jurisdiction. In such an appeal the circuit court obtains no jurisdiction, and jurisdiction can not be conferred on the circuit court by amendment. This is for the reason that the circuit court derives its jurisdiction from the appeal, and the original judgment being void, there is nothing to amend. *Kiphart* v. *Brennemen,* 25 Ind. 152; *Jolly* v. *Ghering,* 40 Ind. 139; *Mays* v. *Dooley,* 59 Ind. 287; *Goodwine* v. *Barnett,* 2 Ind. App. 16.

In the second class of cases when an action is brought before a justice of the peace for $200 or less, and the justice renders judgment, the circuit court acquires jurisdiction upon appeal. If in the circuit court the demand is increased above $200, and beyond the jurisdiction of the justice, the proceeding is voidable, and if objection is not made to enlargement of the amount claimed the circuit court is not ousted of its jurisdiction. The theory in both classes of cases is that the circuit court derives its jurisdic-

tion from the appeal. The theory of appellant that when an amendment is made in the circuit court increasing the demand beyond the jurisdiction of the justice, that the circuit court takes a new jurisdiction without reference to the appeal, is not, in our opinion, tenable. If the amendment is not an enlargement of the jurisdiction acquired by the appeal, but is in fact the commencement of a new action, there is no reason why it should not amount to a new action in the first class of cases as well as in the last.

*Jackson* v. *Swope,* 49 Ind. 388, was an action commenced before a justice of the peace in which judgment was rendered for plaintiff in an amount less than $100. In the circuit court the defendant amended his answer and demanded judgment for $700, after satisfying plaintiff's claim. Plaintiff replied by general denial. By an order of court on an agreement in writing "the cause as contained in the complaint and answer and reply and the issues in said cause" was referred to arbitrators. It was agreed that their decision should be final, and should be entered of record in the Morgan Circuit Court, and that judgment thereon should be rendered by said court. Afterwards the referees reported to the court that they had awarded that Swope was indebted to Jackson in the sum of $397.68; that Swope should pay that amount to Jackson with interest, and that Swope should pay the costs of the action. Upon motion the cause was stricken from the docket. In the course of the opinion the court said: "There is no case, we think, where it has been held that the circuit court is ousted of its jurisdiction by an amendment in that court on appeal, unless the objection was made at the time. We must either hold that the objection was waived by not making it at the time, or we must decide, as the circuit court appears to have done, that the court was ousted of its jurisdiction, and the whole proceeding void after the filing of the answer. We think we should hold, and accordingly we do hold, that the objection was waived, because it was not made in proper time."

Counsel for appellant claim that the filing of the amended complaint in the circuit court was in effect the commencement of a new action; the appearance of the defendant waived the necessity of issuing a summons, and unless appellee had appeared to the amended complaint and answered, the plaintiff could not have obtained a valid judgment.

Upon the proposition that the filing of an amended complaint took the original complaint out of the cause, and gave the court jurisdiction to proceed in the case as made by the amended complaint, counsel cite *Indianapolis, etc., R. Co. v. Center Tp.*, 143 Ind. 63. It is true, and this case so holds, that an amended or substituted complaint supersedes the original complaint and that the case is tried on the amended pleadings. It does not decide that an amended complaint is the beginning of a new action or creates a new jurisdiction, nor that an appearance is necessary to an amended complaint.

Section 1570 Burns 1894, governing appeals from a justice of the peace to the circuit court, provides: "Such cause shall stand for trial in the circuit court, * * * and be there tried under the same rules and regulations, prescribed for trials before justices; and amendments of the pleadings may be made on such terms, as to costs and continuances, as the court may order."

The rules of pleading before justices are prescribed by §1528 Burns 1894, as follows: "All matter of defense, except the statute of limitations, set-off, and matter in abatement, may be given in evidence without plea. Matter in abatement must be pleaded under oath," etc.

The courts have uniformly observed these provisions of the statute; their terms have not been modified by construction. The justice had jurisdiction of the subject-matter; the appeal gave jurisdiction to the circuit court. Upon leave of court, and by agreement of the parties, appellant filed an amended complaint; upon her motion, appellee was required

to answer her amended complaint; the appellee answered. All pleadings were filed and steps taken throughout the trial of the cause under the number and title of the case appealed from the justice of the peace. It is not claimed that evidence of any defense not pleaded was introduced which was within the exceptions of the statute.

In *Jackson* v. *Swope,* 49 Ind. 388, it is held that the jurisdiction of the circuit court upon appeal is not ousted, but is waived when objection to the amendment is not made in proper time. In the case at bar jurisdiction was given to the circuit court by appeal. The source of jurisdiction was not changed by amendment of the pleadings. The jurisdiction of the justice of the peace gave the circuit court jurisdiction. It was not ousted by the amendments. Section 1570, *supra,* is peremptory in its terms, and should control the trial of all cases in the circuit court appealed from justices of the peace.

Judgment affirmed.