## OLIVER TYPEWRITER COMPANY *v.* VANCE.

[No. 7,140. Filed June 6, 1911.]

1. PLEADING.—*Complaint.—Amendment.*—The filing of an amended complaint takes the original complaint and the rulings thereon out of the record. p. 22.
2. WORK AND LABOR.—*Contracts.—Complaint.—Bills of Particulars.*—A complaint for services, to which, immediately after the body thereof, a bill of particulars was subjoined, showing the items of such work, is sufficient when questioned for the first time on appeal, or by motion in arrest, after verdict, though such bill is nowhere, in the body of the complaint, referred to or made a part thereof. p. 22.
3. APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence. p. 23.

From Fayette Circuit Court; *George L. Gray,* Judge.

Action by Charles F. Vance against the Oliver Typewriter Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Charles W. Neff* and *T. J. Moll,* for appellant.
*Charles F. Vance, in pro. per.* for appellee.

FELT, P. J.—Appellee recovered judgment against appellant for $70, from which this appeal is taken.

The errors assigned are: (1) The amended complaint does not state facts sufficient to constitute a cause of action, and (2) the overruling of appellant's motion for a new trial.

The new trial was asked on the grounds that the verdict of the jury is not sustained by sufficient evidence and is contrary to law, and that the damages are excessive.

The amended complaint averred, in substance, that appellee was employed by appellant, at its special instance and request, as its representative and salesman, and continued in said employment for one month; that appellant agreed to pay him for his services the sum of $50 a month and expenses, amounting in all to $75; that no part thereof has been paid, and there is due appellee the sum of $75. Prayer for $100. Immediately following the body of the complaint

is the heading, "Bill of Particulars," showing an account of $50 for salary and $45 for meals, and two other items of $1 each, aggregating $97.

Appellant contends that the amended complaint is identical with the original, and that, as a demurrer was presented and overruled to the original complaint, it should have the benefit of that demurrer here. But the filing of the amended complaint took the original complaint and all rulings thereon out of the record, and the amended complaint is questioned for the first time by the assignment of errors. *Tague* v. *Owens* (1894), 11 Ind. App. 200; *Efroymson* v. *Smith* (1902), 29 Ind. App. 451.

The principal objection urged to the amended complaint is that the bill of particulars is not referred to in the complaint, or in any way made a part thereof, though it immediately follows the body of the complaint. The pleading is not to be commended, but when the sufficiency of the complaint is questioned after verdict by motion in arrest of judgment, or by assignment of error, as in this case, all intendments are in favor of the pleading, and if there is not a total failure to state some essential element of the right of recovery, and the complaint states facts sufficient to bar another suit for the same cause of action, the verdict cures all other defects, and the complaint will be held sufficient to sustain the judgment. *Peoria, etc., R. Co.* v. *Attica, etc., R. Co.* (1900), 154 Ind. 218; *City of South Bend* v. *Turner* (1901), 156 Ind. 418, 421, 54 L. R. A. 396, 83 Am. St. 200; *Colchen* v. *Ninde* (1889), 120 Ind. 88; *Elwood State Bank* v. *Mock* (1907), 40 Ind. App. 685; *Xenia Real Estate Co.* v. *Macy* (1897), 147 Ind. 568; *Peters* v. *Banta* (1889), 120 Ind. 416, 420; *Gish* v. *Gish* (1893), 7 Ind. App. 104, 114; *Galvin* v. *Woollen* (1879), 66 Ind. 464, 466; *Lassiter* v. *Jackman* (1882), 88 Ind. 118.

The exact point raised by appellant, in regard to the exhibit, is decided in several of the cases just cited. The other objections to the complaint are not well taken, and it is

clearly sufficient to withstand the attack made upon it after verdict.

We cannot weigh the evidence where there is a conflict, and decide the case upon the weight of the testimony. There was a conflict of evidence in this case, but there is legal evidence tending to support the verdict, and it is the long-established rule that in such cases the judgment will not be reversed on the weight of the evidence. *Cleveland, etc., R. Co.* v. *Kepler* (1903), 31 Ind. App. 1; *Bower* v. *Bowen* (1894), 139 Ind. 31, 36.

There is no available error in the record. Judgment affirmed.