## JUDY v. WOODS.

[No. 7,677. Filed November 7, 1912.]

1. PLEADING. — *Counterclaim.* — *Cross-Complaint.* — *Sufficiency.*— For the purpose of determining the sufficiency of a counterclaim, it is not material whether it has been treated as a counterclaim or cross-complaint, since in either case the pleading must state a cause of action in favor of defendant. p. 326.

2. APPEAL.—*Briefs.*—*Failure to Set Out Assignment of Errors.*— *Errors Presented.*—Where appellant failed to set out in his brief any assignment of errors or to indicate where any such assignment could be found in the record, he will be limited to the errors as presented therein under the head of "errors relied on for reversal." p. 327.

3. APPEAL.—*Assignment of Errors.*—*Questions Presented.*—An assignment that "appellee's cross-complaint does not state facts sufficient to constitute a cause of action against appellant," challenges the sufficiency of the pleading as a whole, and not the sufficiency of each separate paragraph. p. 327.

4. APPEAL.—*Pleading.*—*Challenging Sufficiency for First Time on Appeal.*—All intendments are in favor of a pleading challenged for the first time on appeal, and if a complaint does not wholly fail to state some essential element, and states facts sufficient to bar another suit for the same cause, it will be held sufficient to sustain the judgment. p. 328.

5. APPEAL.—*Assignment of Errors.*—*Attacking Sufficiency of Pleading as a Whole.*—Where, on appeal, the sufficiency of a pleading as a whole is attacked, and any paragraph thereof is sufficient, no reversible error is presented. p. 328.

6. APPEAL.—*Review.*—*Harmless Error.*—*Ruling on Demurrer.*— *Form of Demurrer.*—*Demurrer to Counterclaim.*—Where a pleading, styled a paragraph of answer, was in fact a counterclaim, a demurrer thereto on the ground that it did not state facts sufficient "to constitute a defense to plaintiff's complaint or either paragraph thereof," did not raise the question of the sufficiency

of the pleading to state a cause of action, no available error resulted from overruling the same. p. 328.

7. APPEAL.—*Review.*—*Questions Waived.*—*Motion for New Trial.* —The grounds of a motion for a new trial are waived on appeal by failing to present any question thereon. p. 329.

8. APPEAL.—*Briefs.*—*Statement of Evidence.*—Appellant's failure to set out in his brief any of the oral evidence, or to refer by page or line to the record where any of the evidence can be found, does not entitle him to a consideration of any question presented by the evidence. p. 329.

9. APPEAL.—*Review.*—*Harmless Error.*—*Overruling Motion for New Trial.*—*Sufficiency of Evidence.*—Where all the paragraphs of a cross-complaint were sufficient as against the attack made on them, and either had sufficient evidence for its support, no available error is presented on the overruling of a motion for a new trial on the ground of insufficient evidence to support a verdict for cross-complaint. p. 330.

From Newton Circuit Court; *John S. Lairy,* Judge.

Action by John F. Judy against William L. Woods. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Stansbury & Billings,* and *T. B. Cunningham,* for appellant.

*William Darroch, George A. Williams,* and *Frank Foltz,* for appellee.

HOTTEL, C. J.—Appellant brought this action against appellee to recover certain money alleged to be due him on account of a partnership business which had been conducted by the parties. Appellee filed an answer to appellant's complaint in eleven paragraphs, the eighth, ninth and tenth of which asked for affirmative relief. Issues were joined and the cause tried by a jury, which returned a verdict for appellee in the sum of $800.

Appellant insists that the eighth, ninth and tenth paragraphs of appellee's answer constitute in fact a cross-complaint, while appellee designates the eighth paragraph an answer, and the ninth and tenth paragraphs counterclaims. We think that each paragraph falls within the definition of a counterclaim, as expressed by stat-

ute and the decisions of this court and the Supreme Court. §355 Burns 1908, §350 R. S. 1881, and authorities cited. But for the purposes of the questions presented by appellant's brief it is not material whether they be treated as cross-complaints or counterclaims. In either case, each should show a cause of action in favor of appellee against appellant. *Stoner* v. *Swift* (1905), 164 Ind. 652, 654, 655, 74 N. E. 248; *Blue* v. *Capital Nat. Bank* (1896), 145 Ind. 518, 520, 43 N. E. 655; *Flanagan* v. *Reitemier* (1901), 26 Ind. App. 243, 247, 59 N. E. 389; *Leach* v. *Rains* (1897), 149 Ind. 152, 163, 48 N. E. 858; *Schmidt* v. *Zahrndt* (1897), 148 Ind. 447, 456, 47 N. E. 335; *Blaney* v. *Postal* (1894), 10 Ind. App. 131, 34 N. E. 849; *Conger* v. *Miller* (1886), 104 Ind. 592, 4 N. E. 300. While, as stated, we regard these pleadings as counterclaims, appellant, in his errors relied on, and throughout his brief, treats them as cross-complaints, and to avoid confusion we will hereafter so designate them.

Appellant, in his brief, nowhere sets out any assignment of error, nor does he refer to or indicate where any such assignment will be found in the record. He does, however, under the head 'of "The errors relied on for reversal", set out the following:

(1) The court erred in overruling appellant's motion for a new trial, on the ground that the verdict is not supported by the evidence.

(2) Appellee's cross-complaint does not state facts sufficient to constitute a cause of action against appellant. Appellant should be confined and limited to the errors as thus presented. It will be observed that the second error relied on is so worded as to indicate that the sufficiency of such cross-complaint is challenged for the first time on appeal, and that its sufficiency as a whole, and not the sufficiency of each separate paragraph, is challenged. That this is the character of the challenge is further indicated by the first statement in appellant's argument, which is as follows: "The first point appellant wishes to present is the sufficiency

of the three paragraphs of cross-complaint to withstand the assignment of error that they do not state facts sufficient to constitute a cause of action.''

Where a pleading is challenged for the first time on appeal ''all intendments are in favor of the pleading, and if there is not a total failure to state some essential element of the rights of recovery, and the complaint states facts sufficient to bar another suit for the same cause of action, the verdict cures all other defects, and the complaint will be held sufficient to sustain the judgment.'' *Oliver Typewriter Co.* v. *Vance* (1911), 48 Ind. App. 21, 95 N. E. 327, and cases cited.

Where the attack is against the sufficiency of a pleading as a whole, and not against the separate paragraphs thereof, if any paragraph is sufficient, no reversible error is presented. *Roberts* v. *Wolfe* (1905), 165 Ind. 199, 74 N. E. 990; *City of South Bend* v. *Turner* (1911), 156 Ind. 418, 422, 60 N. E. 271, 83 Am. St. 200; *United States Express Co.* v. *Rawson* (1886), 106 Ind. 215, 219, 6 N. E. 337; *Chicago, etc., R. Co.* v. *Daily* (1897), 18 Ind. App. 308, 47 N. E. 1078.

We deem it unnecessary to set out these several paragraphs of cross-complaint. We have no doubt as to their sufficiency against the character of the attack here made. We should remark in this connection that appellant under the heading ''What the issues were'' shows that there was a demurrer to said eighth paragraph of answer. An examination of the assignment of errors discloses also that the second error assigned is that ''the court erred in overruling appellant's demurrer to the eighth paragraph of appellee's answer.'' The other paragraphs are not so attacked, but the third assignment is the same as that indicated in the errors relied on above. So it is disclosed by the record that appellant did, in fact, challenge the sufficiency of said eighth paragraph by demurrer in the court below. A further examination of the record, however, dis-

closes that the ground of the demurrer was that said paragraph "does not state facts sufficient to constitute *a defense to plaintiff's complaint or either paragraph thereof.*" We have already indicated that this pleading is in fact, a counterclaim and appellant concedes that it is a pleading asking affirmative relief, to wit, a cross-complaint. This being true, the ground of the demurrer as stated did not raise the question of the sufficiency of the pleading *"to state a cause of action"*, and no available error resulted from overruling the same. *Blue* v. *Capital Nat. Bank* (1896), 145 Ind. 518, 520, 43 N. E. 655; *Campbell* v. *Routt* (1873), 42 Ind. 410, 412, 417; *Flanagan* v. *Reitemier, supra.* Thus it appears that if we should give appellant the benefit of his second assignment of error, above set out, to which, for the reasons indicated, he is not entitled under the rules, no question would be presented thereby, because of his error in the ground of his demurrer.

7. Appellant has failed to present any ground of the motion for new trial, other than the insufficiency of the evidence to support the verdict. The other grounds of the motion are therefore waived.

8. In what purports to be a "Condensed recital of the evidence", in appellant's brief, none of the oral evidence is set out, and no reference is made by page or line of the record, indicating where any of the evidence will be found. This is not such a compliance with the above rule as would ordinarily entitle appellant to a consideration of any question presented by the evidence. But, in this connection, we should state that appellant states in his brief that "the question sought to be brought in review concerning the sufficiency of the evidence * * * is with reference to the alleged agreement set out in the first paragraph of the cross-complaint" (being the eighth paragraph of answer). It is insisted that this agreement constituted the basis of such paragraph, and that it had no evidence whatever for its support, and that therefore "it is not possible

to give any recital of the evidence concerning the agreement counted on" in such paragraph. If it should be conceded, as appellant insists, that this paragraph has no evidence for its support, it would avail him nothing, because all the paragraphs of cross-complaint being good as against the attack here made, if either had sufficient evidence for its support, this ground of the motion for a new trial will present no available error. *Toledo, etc.; R. Co.* v. *Mylott* (1893), 6 Ind. App. 438, 441, 33 N. E. 135; *Ross* v. *Thompson* (1881), 78 Ind. 90, 99.

When we consider the contract, made part of paragraphs nine and ten, in connection with the oral evidence explaining the same, as set out in appellee's brief, we are convinced that these paragraphs had some evidence supporting each of their material averments, and that the jury was warranted in returning the verdict it did.

Appellant has failed in his brief to present any available error, and the judgment is therefore affirmed.

NOTE.—Reported in 99 N. E. 792. See, also, under (1) 31 Cyc. 226; (2) 2 Cyc. 1014; (3, 5) 2 Cyc. 989; (4) 2 Cyc. 691; (6) 31 Cyc. 358; (7) 2 Cyc. 980; (8) 2 Cyc. 1015; (9) 3 Cyc. 383. As to the nature, scope and office of a counterclaim under the code, see note to *Woodruff* v. *Garner* (Ind.) 89 Am. Dec. 482.