LANDERS, EX'R, *v.* STONE ET AL., ADM'RS.

DECEDENTS' ESTATES.—*Executor.*—*Power to Administer all the Assets.*—Letters testamentary give the executor the power and right to administer all the property of the testator, though a part of the property is not bequeathed by the will.

SAME.—Letters of administration cannot be legally granted and confirmed while letters granted and confirmed to an executor named in the will are in full force.

From the Morgan Common Pleas.

*W. R. Harrison* and *W. S. Shirley*, for appellant.

BUSKIRK. J.—This is an appeal from an order of the court below, confirming an appointment made by the clerk in vacation, of the appellees as administrators of the estate of Abner Cox, deceased.

The facts necessary to an intelligible understanding of the questions of law arising in the record, and which we are required to decide, will appear from the special finding of facts, which was rendered by the court at the request of the parties, and is as follows:

"Come again the parties, by their attorneys aforesaid, and now by agreement this matter is submitted to the court for trial upon the record proofs. And the court, by agreement of parties, makes the following special finding, viz.: That Abner Cox, Senior, died on the —— day of ——, 186—, testate, leaving a will, a copy of which is set out in objections and exceptions of John Landers; and that over and above and besides the property devised and bequeathed by, and mentioned in, the said will, there was and is belonging to the estate of said Cox, and not embraced in or disposed of by said will, a sum of not less than twenty thousand dollars, in money and choses in action.

"The court further finds that on the —— day of ——, 18—, the said will was duly admitted to probate, and letters testamentary were issued thereon to said John Landers, in the following form: 'I, John Hardwick, Clerk of the Court of Common Pleas for the county of Morgan, in the State of

Indiana, do certify the annexed to be a true copy of the last
will of Abner Cox, Senior, late of said county, deceased,
and of the certificate of probate, as endorsed thereon; and
John Landers, having duly qualified and given bond as
required by law, as executor, is duly authorized to take upon
himself the administration of said estate, according to such
will.

"'Witness my hand and the seal of said court, the 22d
day of October, 1871.                    JOHN HARDWICK,
                          "'C. C. P. C. Morgan county.'

"To said letters so issued was attached a copy of the will,
elsewhere set out; that said Landers filed his bond as such
executor, to the approval of the clerk, in the sum of fifty
thousand dollars, and took into his custody, and still retains
in his custody, all the money, personal estate, and choses in
action, of said deceased, under his letters testamentary, until
this time, as shown by the records made part of the causes
for not confirming said letters by said Landers, and which
said letters, as shown by said record, were confirmed by said
court.

"That afterward, to wit, on the —— day of January,
1873, letters of administration of all said estate, except that
embraced in the will, were issued by the clerk of this court
to Giles B. Mitchell and Eli Stone, who qualified and gave
bond, in all things as by law required, and were otherwise
competent to administer said estate and exercise said office
and said trust. And the court finds that when said letters
testamentary were issued to said Landers, he was not, is not
now, and in the meantime has not been, a resident of the
county of Morgan, wherein said estate is situated, and wherein
the said Cox resided at the time of his death. Upon the
foregoing facts, the court finds and concludes, as a matter of
law, that said Landers is not, by virtue of said letters testa-
mentary, entitled to administer any of said estate of said
Cox not embraced in the said will, and mentioned and
described above as being not less than twenty thousand dol-

lars; and that the aforesaid appointment and letters of administration, made and issued to the said Mitchell and Stone, should be confirmed, approved, and ratified; which is now by the court accordingly done.

"To all of which rulings, and findings, and matters of law, said Landers excepts.

"Therefore it is ordered and adjudged by the court, that the granting of letters of administration by the clerk of this court, in vacation, to Giles B. Mitchell and Eli Stone, in the estate of Abner Cox, deceased, be in all things confirmed."

The appellant has assigned for error the action of the court in confirming the appointment of the appellees as administrators of the estate of the said Abner Cox, deceased.

The principal questions arising in the record may be thus stated:

1. Did the letters testamentary, granted to Landers as executor of the will of Abner Cox, deceased, give him the power and right to administer the property other than that specifically bequeathed by the will?

2. Could letters of administration be legally granted and confirmed, while the letters granted and confirmed to the executor named in the will were in full force and vigor?

3. If both of the above propositions should be decided adversely to appellant, do the facts set up by appellant estop the heirs of said decedent, and all persons claiming the right to administer in their behalf, from so administering?

The solution of the first two propositions mainly depends upon the construction of the act relating to the settlement of decedents' estates.

It is provided by the first section of said act, that after the expiration of ten days from the time when the existence of a will shall have been made known, and it shall have been duly admitted to probate, the proper clerk shall issue letters testamentary thereon to the persons named therein as executors, who shall qualify, unless," etc. (Then follows exceptions, as to married women, persons under age, infa-

mous by reason of having been convicted of crime, and incompetent by reason of improvidence, habitual drunkenness, or other incapacity.)

The sixth section is: "If there be no person named in the will as executor, or if those named therein have failed to qualify, have renounced, or have removed, letters of administration, with the will annexed, shall be granted by the proper clerk or court to any competent residuary legatee named in such will, willing to accept, or if there be none willing to accept, then to a competent specific legatee, or if there be none such willing to accept, then to any competent person, under the same regulations as in granting letters of administration in case of intestacy."

The seventh section is as follows:

"Sec. 7. After the expiration of fifteen days from the death of an intestate, the proper clerk or court having examined the person applying for letters, and such persons as may be deemed proper to be examined, under oath, touching the time and place of the death of the intestate, whether he left a will, and concerning the qualifications of such person, and there being no such will, shall grant letters of administration in their order: first, to the widow; second, to the next of kin; third, to the largest creditor residing in the State; and, fourth, if no person thus entitled to administer shall apply within thirty days after the death of the intestate, the clerk or court shall appoint a competent inhabitant of the county, to whom the letters shall issue."

The thirteenth section provides, for the appointment of special administrators.

The fifteenth section declares who shall be an executor *de son tort.*

The sixteenth section provides that "if any executor, administrator with the will annexed, or administrator, shall die, resign, remove from the State, or his authority be revoked, or superseded, the remaining executor or administrator shall complete the administration of the estate; but, if no such executor or administrator be remaining in the

State, the proper clerk or court shall grant letters of admin-
istration, or of administration with the will annexed, to. any
person entitled thereto, under the same regulations as in
case of issuing the original letters ; and which administra-
tor, or administrator with the will annexed, thus appointed
*de bonis non,* shall have the same rights, and be subject to the
same liabilities, as the executor or administrator first
appointed."

If there is an executor named in the will, he must be
appointed, if willing to serve.

An administrator, with the will annexed, can be appointed
in the following cases :

1. When there is no person named in the will as execu-
tor.

2. When those named in the will have failed to qualify.

3. When those named as executors have renounced the
right to administer.

4. When the executor named in the will, and who has
been appointed, has been removed.

It is expressly declared in the seventh section, that no admin-
istrator can be appointed when there is a will. Whenever
there is a will, there must be either an executor or administra-
tor with the will annexed. The only difference between an
executor and an administrator with the will annexed con-
sists in their mode of appointment. The one is designated
by the testator, and appointed by the clerk or court. The
other is appointed by the clerk or court. In the appoint-
ment of an administrator with the will annexed, preference
is to be given, first, to a competent residuary legatee ; second,
to a specific legatee ;. and, third, then to any competent per-
son, under the same regulations as to granting letters of
administration in case of intestacy ; that is to say, first, to
the widow ; second, to the next of kin ; third, to the largest
creditor residing in the State ; and fourth, to some compe-
tent inhabitant of the county. This view is greatly strength-
ened by the sixteenth section. By that, if an executor, or
administrator with the will annexed, shall *die,* resign, remove

from the State, or has his authority revoked or superseded, an administrator *de bonis non* with the will annexed must be appointed; but if the office of an administrator becomes vacant from any of the above causes, another administrator is appointed, and the administrator *de bonis non* with the will annexed has the same rights, and is subject to the same liabilities, as the original executor or administrator with the will annexed, while the administrator has the same rights, and is subject to the same liabilities, as the original administrator; that is to say, the one settles the estate under the will, while the other does it under the statute.

The statute in question, after providing for the appointment of executors, administrators, administrators with the will annexed, administrators *de bonis non* with the will annexed, and administrators *de bonis non*, proceeds to declare the force and effect of such letters, and the power and authority of the person appointed. The seventeenth section is as follows: "Such letters, issued from a court of competent jurisdiction, shall be conclusive evidence of the authority of the person to whom they are granted, until superseded or revoked, and shall extend to all the decedent's estate."

The various provisions of the statute are consistent with each other, and make a perfect and harmonious system. Whenever there is a will, there must be either an executor or administrator with the will annexed. When there is no will, there must be an administrator. There cannot be, in the same estate, both an executor, or an administrator with the will annexed, and an administrator. The executor is succeeded by the administrator with the will annexed, and the administrator with the will annexed is succeeded by the administrator *de bonis non* with the will annexed. They all act under and in pursuance of the will. When there is no will, an administrator is appointed and is succeeded by an administrator *de bonis non*, and they act under and in pursuance of the statute. The seventeenth section relates to all of these several kinds of letters. It says: "Such letters,

Landers, Ex'r, *v.* Stone *et al.*, Adm'rs.

issued from a court of competent jurisdiction, shall be con-
clusive evidence of the authority of the person to whom
they are granted, until superseded or revoked, and shall
extend to all the decedent's estate." That is to say, when
there is a will, there shall be either an executor or an adminis-
trator with the will annexed, and his authority shall extend
to and embrace all the property of the decedent, without
reference to whether it is all disposed of by the will or not;
and when there is no will, there is simply an administrator,
whose authority extends to and embraces all the property of
which the decedent died possessed. Under such a construc-
tion, there will be no confusion. The entire estate is in the
hands of one person. If there was an executor, or admin-
istrator with the will annexed, and an administrator, in the
same estate, the utmost confusion would result. Against
whom, in such a case, would a creditor file his claim? In
what manner would distribution be made, and how could
advancements be adjusted? Aside from the inconvenience,
confusion, and embarrassment resulting from two persons
acting in antagonism, the expense would be so enormous as
to consume an ordinary estate.

The views we have expressed are in accordance with the
law defining the powers and declaring the liabilities of exec-
utors and administrators. In 1 Williams Executors, 546, the
rule in England is stated thus: "The general rule is, that
all goods and chattels, real and personal, go to the executor
or administrator; the whole of the personal estate vests in
the executor or administrator." The same author, in vol. 2,
p. 775, says, "Executors have absolute power of disposal of
the whole personal estate."

Redfield on Wills, vol. 2, sec. 2, p. 59, says: "The
mere nomination of an executor, without making any dis-
position of one's estate, or giving any other directions what-
ever, will constitute a will, and render it necessary that the
instrument be established in the probate court."

Granting letters testamentary or of administration is a
judicial act; and where the court which has granted them

had jurisdiction, individuals and courts of justice are bound to respect the authority of the letters, and to presume that: all the requisite steps have been rightly performed. *Ray* v. *Doughty*, 4 Blackf. 115.

The appellant was nominated executor in the will. Letters testamentary were issued to him by the clerk, and such appointment was confirmed by the court. He gave bond to the acceptance of the court and entered upon the discharge of the duties of the trust. His authority has not been revoked or his letters superseded. If such were the case, an administrator with the will annexed would have to be appointed, and not merely an administrator.

In our opinion, the clerk possessed no power to appoint the appellees administrators, and the court erred in confirming such appointment.

The conclusion reached renders it unnecessary to consider the question of estoppel discussed by counsel.

The judgment is reversed, with costs ; and the cause is remanded, with directions to the court below to set aside the appointment of the appellees as administrators of such estate.