## COULTER v. CRAWFORDSVILLE TRUST COMPANY, ADMINISTRATOR.

[No. 6,774. Filed June 25, 1909. Rehearing denied October 28, 1909. Transfer denied December 16, 1909.]

1. WILLS.—*Construction.*—*Rules for.*—Technical rules for the construction of wills will not overthrow the evident intent of the testator, unless such intent is in violation of the law. p. 68.

2. WILLS.—*Technical Words.*—Technical words in a will should be given their legal effect, unless other language used shows clearly that they were used with a different meaning. p. 68.

3. WILLS.—*Supplying Words.*—Words may be supplied in a will, where they do not oppose the manifest intent. p. 68.

4. CONTRACTS.—*Construction by Parties.*—*Estoppel.*—Parties to a written instrument who have placed a construction thereon and

have parted with valuable rights upon the faith of such construction, are estopped to deny such construction. p. 68.

5. WILLS.—*Construction.*— *Complaint.*— *Theory.*— *Contracts.*— A complaint setting out a will and alleging that the parties thereto agreed upon a certain construction thereof, and demanding that the defendant shall perform the provisions of such will as construed, proceeds upon the theory of enforcing such agreement, and not of enforcing the will as it might be construed. p. 68.

6. WILLS.—*Ambiguities.*—*Construction by Parties.*—Where a testator gave to his wife "fifteen hundred dollars to stand in the farm," and such widow and the other devisees and legatees agreed that such amount should be considered as a bequest and be a lien upon the farm, a devisee who purchased other interests on a basis of such agreement, cannot evade the payment of such sum to the administrator of such widow upon her death. p. 68.

From Montgomery Circuit Court; *Jere West,* Judge.

Suit by The Crawfordsville Trust Company, as administrator of the estate of Elizabeth Coulter, deceased, against Samuel Coulter. From a decree for plaintiff, defendant appeals. *Affirmed.*

*Clodfelter & Hesler, Perkins & McAlister,* and *Louis B. Ewbank,* for appellant.

*Clyde H. Jones* and *John B. Murphy,* for appellee.

MYERS, J.—Appellee, as administrator of the estate of Elizabeth Coulter, deceased, brought suit against appellant to enforce payment of $1,500 and interest thereon, and to have said sum declared a lien against certain real estate in Montgomery county, Indiana.

The complaint was in two paragraphs. A demurrer to each paragraph for want of facts was overruled. Appellant answered by a general denial and by affirmative paragraphs. Appellee replied in denial and by affirmative paragraphs. The issues thus formed were submitted to the court for trial, and as advisory to the court certain questions of fact were submitted to a jury, resulting in a finding and judgment for appellee, and against appellant in the sum of $1,707.64, which amount was adjudged to be a lien upon certain real

estate described in the complaint. For a reversal of that judgment the overruling of appellant's demurrer to each paragraph of the complaint is assigned as error.

In the first paragraph of the complaint it is alleged that William Coulter died testate in May, 1886, and that Elizabeth Coulter, appellee's decedent, was his surviving wife; that at the time of the former's death, through their joint efforts, they had accumulated property of the value of $8,000. A copy of the will of William Coulter is made a part of the complaint, and in so far as it is pertinent to the questions here to be considered it reads as follows:

"II. I give and bequeath unto my wife, Elizabeth Coulter, $1,500 to stand in the farm with six per cent interest and all in the house and the northwest room downstairs and the north room upstairs or any of my family so long as they may remain single and my wife to have one cow and feed and pasture for the same and all needed fire wood.

III. I give and bequeath unto my son James B. Coulter $1,000 to stand in the farm to draw six per cent interest and also one horse and one cow.

IV. I give and bequeath unto my daughter Margrite $550.

V. I give and bequeath unto my daughter Priscilla Jane $550.

VI. I give and bequeath unto my daughter Martha $550.

VII. I give and bequeath unto my daughter Alice $550.

VIII. I give and bequeath unto my son Samuel Coulter the one-half of my farm and the one-third of the horses, cows, hogs and sheep and farming tools by paying one-half of the heirs.

IX. I give and bequeath unto my son John N. Coulter the one-fourth of my farm and one cow and one-third of the horses, cows, hogs and sheep and farming tools by him paying one-fourth of the heirs.

X. I give and bequeath unto my son Harvey Coulter the one-fourth of my farm and one cow and the one-third of my horses, cows, hogs and sheep and farming tools by him paying one-fourth of my heirs.

XI. My sons Samuel, John N. and Harvey to divide the farm to suit themselves.

XII. None of the above money bequests to be due until one year after my decease.''

It was also alleged that said will was duly probated on May 14, 1886; that on July 30, 1886, the appellant by deed acquired the interests of John N. and Harvey Coulter in and to the land or farm as mentioned in said will; that after the death of said William Coulter, and prior to the execution of said deed whereby the appellant became the owner of the entire farm, each of the legatees and devisees under said will agreed upon a construction to be placed upon said item two of said will, and so construed the same as that by the provisions thereof said $1,500 was to be considered and treated as an absolute bequest to said Elizabeth Coulter, and a lien upon said farm; that all of said legatees and devisees from that time on so treated said item as creating an indebtedness in favor of said Elizabeth Coulter for $1,500, and a lien and charge against said farm; that said John N. and Harvey Coulter, as well as the appellant, acting upon said agreement and the construction so placed upon said item two, retained of the purchase money for said real estate so acquired from John N. and Harvey Coulter enough to pay the one-half of said $1,500; that on October 13, 1904, Elizabeth Coulter died testate, leaving no other property than said $1,500 and interest thereon, which is due and unpaid, and which appellant on demand has failed and refused to pay; that claims have been filed and allowed against the estate of Elizabeth Coulter, etc.; that appellant is the owner of all said real estate, etc.

The second paragraph is substantially the same as the first, except that it alleges that appellant agreed to hold said real estate and pay six per cent interest on said $1,500 to Elizabeth Coulter so long as she desired the same to remain a lien upon said land, and at her death, if the same should not be fully paid, to pay to her estate any unpaid

balance, with six per cent interest; that appellant acted as the agent of Elizabeth Coulter, and held said $1,500 in trust for her use and benefit, and controlled said sum as her property, and at no time disavowed said trust or agency; that upon demand appellant refused to pay said sum, etc.

It is unnecessary to cite cases in support of the proposition that technical rules for the construction of wills

1. must give way to the intention of the testator, where such intention can be enforced without contravening the well-established rules of law. *Stimson* v. *Rountree* (1907), 168 Ind. 169. It is also true that where tech-

2. nical words are used by the testator they will be given "their legal effect, unless, from subsequent inconsistent words, it is very clear that the testator meant otherwise." *Fowler* v. *Duhme* (1896), 143 Ind. 248, 259; *Stimson* v. *Rountree, supra.* It has been held that the

3. law will supply words in a will where they do not oppose the manifest intention of the testator. *Fowler* v. *Duhme, supra.* It is the law that "when the parties in interest have themselves placed a construc-

4. tion upon a written instrument, and acted upon such construction, and parted with valuable rights on the faith of such construction, courts will enforce the writing as construed by the parties interested and affected thereby." *Pate* v. *French* (1890), 122 Ind. 10.

It is the theory of appellant that in our investigation of this case we are limited to a consideration of the will alone. In our judgment the complaint proceeds upon the

5. theory that item two, by agreement of all the parties in interest, was given a certain construction, and this suit is to enforce that agreement. Looking to the language of the entire will, it is evident that it was not drawn by one skilled in writing such instruments. Item two is not in clear and decisive language, and reasonable men

6. might differ as to what the testator thereby intended. The will was executed January 14, 1886, and at the

time of the death of William Coulter, May, 1886, he owned property of the value of $8,000. The provision for the widow in item two of the will is shown to be less than that to which she was entitled by law. Within the time allowed the widow to reject the provision so made for her by said will (Acts 1885, p. 239, §3043 Burns 1908), the complaint shows that all the parties in interest, which included the widow, agreed that the $1,500 mentioned in item two should be regarded and treated as an absolute bequest of $1,500 to appellee's decedent, and that said sum should be a lien on the farm devised to Samuel, John N. and Harvey. She acted upon the agreed construction, and by will disposed of the same. It is shown also that John N. and Harvey Coulter applied the alleged agreement in the purchase and sale of interests in the farm. Items eight, nine and ten contain apt words for the disposition of the personal property therein mentioned, but not so as to the real estate, and yet no one would doubt what was thereby intended by the testator. The intention thus manifested, not being contrary to the rules of law, will be enforced by the courts. Item two, being somewhat uncertain and ambiguous, was a subject about which the parties in interest had a right by agreement to adjust and settle among themselves, as the complaint shows they did. No settled rule of law is shown to have been contravened by the alleged interpretation which the parties themselves placed upon item two.

Each paragraph of the complaint was sufficient to require an answer from the defendant.

Judgment affirmed.