## WHITE v. STATE OF INDIANA.

[No. 24,161.   Filed March 29, 1923.]

1. CRIMINAL LAW.— *Appeal.— Briefs.— Questions Presented.— Rulings on Evidence.—Rules of Court.*—Where appellant fails to provide an index of the evidence, as required by Rule 3 of the Supreme Court, and where his brief does not contain a statement of the record, setting out so much of the evidence, rulings of the court, motion for a new trial and rulings thereon, as to show that certain evidence complained of was admitted or excluded, and that appellant stated proper objections thereto and reserved exceptions to the rulings thereon, and that such rulings were presented for review by a motion for a new trial, and an exception taken to the ruling thereon, as required by Rule 22 of the Supreme Court, the rulings admitting and excluding evidence are not presented for review on appeal.   p. 71.

2. CRIMINAL LAW.—*Appeal.—Briefs.—Failure to Set Out Motion for New Trial and Instructions.—Questions Presented.*—Where neither the instructions challenged nor the motion for a new trial or its substance, nor the ruling thereon and exception thereto, if any, are set out in appellant's brief, no question is presented for review as to errors in giving and refusing instructions.   p. 72.

3. CRIMINAL LAW.— *Appeal.— Briefs.— Requisitions.— Rules of Court.*—Under Rule 22, cl. 5, of the Supreme Court, appellant's brief must recite enough of the record to affirmatively show that the errors complained of were committed, or the court on appeal will not consider questions as to whether or not the transcript discloses error.   p. 72.

4. HOMICIDE.— *Assault with Intent to Kill.— Affidavit.— Sufficiency.—Statutes.*—An affidavit for assault and battery with intent to kill, charging that accused "did unlawfully and feloniously attempt to commit violent injury * * * by then and there * * * shooting" the prosecuting witness "with a certain revolver then and there loaded with gun powder and leaden balls," which the defendant "then and there had and held in his hands," was sufficient, under §2040 Burns 1914, Acts 1905 p. 584, §169, even though construed as not alleging that the revolver was held in defendant's hands, as the particular manner of holding the weapon was not the essence of the offense.   p. 72.

From Delaware Circuit Court; *W. A. Thompson,* Judge.

Prosecution by the State of Indiana against William White. From a judgment of conviction, the defendant appeals. *Affirmed.*

*J. Frank Mann* and *John J. O'Neill,* for appellant.

*U. S. Lesh,* Attorney-General, and *Connor D. Ross,* Deputy Attorney-General, for the State.

EWBANK, J.—Appellant was convicted of assault and battery with intent to kill. There was evidence to the effect that he ordered a sausage sandwich at a restaurant kept by a man referred to as "the Greek," and was dissatisfied with the sandwich served to him; that he exchanged some words with Sidney Hammond, the waiter who brought him the sandwich, after which he went outside, and a few moments later threw one or more stones at the restaurant building, and fired a revolver through the window close to Hammond's head; that a police officer caught him by the wrist and demanded the gun, when he said he would "kill the s—— of a b——," and that he would not let the Greek get the best of him, but would get even with them, and that he then fired a second shot, in what direction is not shown; that the officer took the gun away from him, and it was found to have two empty shells and three loaded ones in it. Hammond testified that the bullet from the first shot passed within an inch of his head, and other witnesses said that it came through the window past Hammond, and struck the ceiling. Witnesses for the defense testified that it was a stone with which appellant broke the window, and that he shot at a tree after throwing the stones, and did not shoot toward the restaurant.

Appellant has not provided an index to the evidence, giving the names of the witnesses, or the pages
1. on which the direct examination, cross-examination or redirect examination of any of them may

be found, as is required by Rule 3 of the Supreme Court. His brief does not contain a statement of the record, setting out so much of the evidence, rulings of the court, motion for a new trial and rulings thereon, as to show that certain evidence complained of was admitted or was excluded, that appellant stated proper objections thereto and reserved exceptions to the rulings of the court, presented such rulings for review by a motion for a new trial, and took an exception to the ruling on his motion, as is required by Rule 22, of the Supreme Court, to be shown. Therefore the rulings admitting and excluding evidence of which complaint is made are not presented for review on appeal.

Neither the motion for a new trial nor its substance, the ruling thereon and exception thereto (if any), nor the instructions challenged as being erroneous or

2. incomplete, being set out in the brief, no question is presented as to errors in giving and refusing instructions.

The brief for appellant must recite enough of the record affirmatively to show that the errors complained of were committed, or the court will not consider

3. questions as to whether or not the transcript discloses error. Rule 22, cl. 5, Supreme Court; Ewbank's Manual (2d ed.) §181.

Overruling a motion to quash the affidavit is assigned as error. The affidavit charges that on, etc., at, etc., appellant—"did then and there unlawfully and

4. feloniously attempt to commit a violent injury upon the person of Sidney Hammond, he * * * then and there having the present ability to commit said injury, by then and there unlawfully, feloniously, * * * shooting at said Sidney Hammond with a certain revolver then and there loaded with gun powder and leaden balls, which the said William White then and there had and held in his hands, with intent," etc.

It is objected that this does not allege the revolver to have been held in appellant's hands. We think it does; but, in any event, it charges "in plain and concise language" that appellant shot at a person with felonious intent, using a revolver to shoot with. §2040 Burns 1914, Acts 1905 p. 584, §169.

And the particular manner in which appellant held the weapon when shooting was not of the essence of the offense. *Drake* v. *State* (1895), 145 Ind. 210, 215, 41 N. E. 799; *Dennis* v. *State* (1885), 103 Ind. 142, 145, 2 N. E. 349; Ewbank, Criminal Law §741.

The motion to quash the affidavit was properly overruled.

The judgment is affirmed.