## HATTON v. STATE OF INDIANA.

[No. 24,501. Filed February 20, 1925.]

CRIMINAL LAW.—*Appeal.*—*Briefs.*—*Errors Must be Set Forth.*— The burden is upon the appellant to present for review a record which affirmatively shows that the error complained of was committed and where neither the motion for new trial nor its substance, nor errors based upon its overruling is set out in appellant's brief, all questions sought to be presented thereby are waived.

From Warren Circuit Court; *William Isham,* Special Judge.

Raymond M. Hatton is convicted of embezzlement, and he appeals. *Affirmed.*

*Edwin F. McCabe, Charles E. McCabe, Edward L. McCabe* and *John J. Hall,* for appellant.

*U. S. Lesh,* Attorney-General, and *Dale F. Stansbury,* for the State.

WILLOUGHBY, J.—This is an appeal from a judgment in the Warren Circuit Court against the appellant on conviction for embezzlement. Appellant's brief says the affidavit was in ten counts. The defendant filed a motion to quash each count severally which was overruled and defendant entered a plea of not guilty to each count.

The jury found the defendant guilty on the fourth count only and after the motion for a new trial was overruled the defendant was sentenced to imprisonment in the Indiana State Prison for not less than two years nor more than twenty-one years and fined in the sum of $10 and disfranchised for two years.

Neither the affidavit nor any count thereof is set forth in appellant's brief. No evidence is brought into the record. Appellant's brief states that "the errors relied on for reversal relate chiefly to the instructions given by the court of its own motion and given by the court at the request of the prosecuting attorney and the refusal to give certain instructions requested by the defendant, which will be set out more fully under the fifth branch of this brief."

The fifth branch of the brief sets out copies of the instructions given and those tendered and refused. There is no copy in appellant's brief of the motion for a new trial nor is the substance thereof stated. It does not appear from said brief that the giving or refusing of any instructions was assigned as error in the motion for a new trial and it does not show that the overruling of a motion for a new trial was assigned as error. It does not show that a bill of exceptions containing the instructions was ever presented to the court, signed or filed.

The attorney-general in his brief, points out these defects and claims that on account thereof no question is presented to this court for review.    The contention of the attorney-general must prevail.    See, Supreme Court Rule 22; *White* v. *State* (1923), 193 Ind. 70, 138 N. E. 754.

The burden is upon the appellant to present for review a record which affirmatively shows that the error complained of was committed and where neither the motion for a new trial nor its substance is set out in appellant's brief all questions sought to be presented thereby are waived.    *Tongret* v. *Carlin* (1905), 165 Ind. 489; *Scott* v. *State* (1911), 176 Ind. 382; *State, ex rel.,* v. *Birden, Trustee* (1918), 187 Ind. 466; *Epstein* v. *State* (1920), 190 Ind. 693; Ewbank's Manual (2d ed.) §181.

Judgment affirmed.