## RUNYAN *v.* RIVERS.*

[No. 14,711.   Filed October 16, 1934.]

*Note—Published out of order because not received sooner by Reporter.

*William W. Kummings, Crane & McCabe,* and *Clyde H. Jones,* for appellant.

*Foley & Foley,* for appellee.

WOOD, J.—Johanna Biddle died testate, a resident of Montgomery county, Indiana. At the time of her death she left surviving her, neither father or mother, husband or children, or their descendants, nor brothers or sisters. Her nearest relations surviving her were children of her deceased brothers and sisters.

The only question presented by the record for our consideration is the construction to be placed upon item six of the last will and testament of the testatrix which reads as follows:

> "Item 6. The residue of my part of our estate I want divided equally between the heirs of my deceased brothers and sisters, Abigal Grennard, Lucreta Bunnel, Dennis Rusk and Squire Rusk."

The appellant was the sole and only surviving child of Squire Rusk. Dennis Rusk and the other two sisters each left several children or the descendants of children surviving at the date of the death of the testatrix.

Appellee as executor of the will filed his final report in which he proposed to distribuate the residuary estate among the nephews and nieces, and descendants of deceased nephews and nieces *per capita.* Appellant filed exceptions to that portion of appellee's report in which he set out the proposed distribution of the residuary estate in the manner above indicated, contending that the distribution thereof should be made *per stirpes,* between the heirs of the brothers and sisters of the testatrix. Upon trial being had upon the issues tendered by the final report and exceptions thereto, finding was made and judgment entered, overruling appellant's exceptions and confirming appellee's final report.

Appellant filed a motion for a new trial, the only causes alleged necessary for our consideration being, that the decision of the court was contrary to law, and that the decision of the court was not sustained by sufficient evidence. This motion was overruled, and this ruling is the only alleged error which the appellant assigns for reversal.

The intention of the testatrix respecting the distribution of her residuary estate must control the solution of the question presented by the record. Such intention must be ascertained from all the language used in the will, and from surrounding circumstances. *West* v. *Rassman* (1843), 135 Ind. 278, 34 N. E. 991; *Porter* v. *The Union Trust Co.* (1915), 182 Ind. 637, 108 N. E. 117. We find no language in the will under consideration from which to ascertain the intention of the testatrix except that contained in Item 6 heretofore set out. From the record it appears that Squire Rusk left one heir, a niece of testatrix. Dennis Rusk left thirteen heirs including nephews, nieces, great-nephews, and great-nieces of testatrix. Abigal Grennard left fourteen heirs including nephews, nieces, great-nephews, great-nieces, great-great-nieces, and one

great-great-great-niece of testatrix. Lucreta Bunnel left ten heirs including nephews, nieces, great-nephews, great-nieces, great-great-nephews, and great-great-nieces of testatrix, making a total of thirty-eight persons among whom the court distributed the residue of the estate.

Decisions discussing the right of beneficiaries under wills to take *per stirpes* or *per capita* are in conflict. This conflict is not due to a difference in principles of construction, but to the application of those principles to the particular will, and the surrounding circumstances which the court has before it for examination. We shall endeavor to ascertain the principles and rules of construction which have been adopted and applied by our Supreme and Appellate courts in cases heretofore decided, where the facts were somewhat similar to those involved in the instant case, and distribution *per stirpes* and *per capita* was discussed, and from them determine the construction to be placed upon the will now before us.

"To be divided equally," may be applied as well to a division among classes as among individuals. *Henry* v. *Thomas* (1889), 118 Ind. 23, 20 N. E. 519; *West* v. *Rassman, supra;* see also *McClench* v. *Waldron* (1910), 204 Mass. 554, 91 N. E. 126; *Allen* v. *Boardman* (1906), 193 Mass. 284, 79 N. E. 260. " 'When technical words are used, they should have their legal effect, unless subsequent inconsistent words are used.' " *Laisure* v. *Richards* (1914), 56 Ind. App. 301, 309, 103 N. E. 679. It is also stated as a rule of law of controlling effect in the construction of wills that, "If the beneficiaries are described by reference to a class which implies descent and distribution in accordance with the statute, a distribution *per stirpes* is prima facie intended."

"A devise to the 'heir' of a named person, whether the

testator or another, is ordinarily, in the absence of any expression showing a contrary intention, taken as a direction for distribution *per stirpes*. A gift of personal property to 'heirs' is, in effect to those who would take under the statute of descent and distribution; and in the same proportions as they would take under such statute." 2 Page, on Wills (2nd Ed.) Sec. 946, p. 1587.

Degrees of relationship of the beneficiaries exert some influence in determining the testator's intention for the purpose of construing a will; "courts in construing both wills and statutes of descent, will give due regard to the natural impulses of and feelings of mankind, and take into consideration the general laws of descent and the rules for the disposition of estates." *Henry* v. *Thomas, supra.* In 2 Jarman on Wills, (6th Ed) p. 1711, the author says: " 'Where a gift is to the children of several persons, whether it be the children of A. and B., or to the children of A. and the children of B., they take per capita, not per stirpes. . . ` But this mode of construction will yield to a . . . glimpse of a different intention in the context." In commenting upon this same statement quoted from an earlier edition of the same work, our Supreme Court in the case of *Henry* v. *Thomas, supra,* said, page 30:

> "This rule has been so far abrogated by the courts of the different States that it no longer has any practical force in the construction of wills, and the weight of authority is to the effect that beneficiaries take *per stirpes,* unless the language used in the devise or bequest is such as to exclude that intention."

In the case of *Kilgore* v. *Kilgore* (1890), 127 Ind. 276, 26 N. E. 56, where the construction of a will was under consideration the court said: "The law favors a distribution between near and remote heirs per

stirpes in preference to per capita." And again in the case of *West* v. *Rassman, supra,* the court being called upon to determine whether under the terms of a will the estate should be distributed among the beneficiaries *per stirpes* or *per capita* said, p. 292:

"When the devise is to several persons belonging to different classes, bearing different degrees of relationship to the testator, and the language of the will leaves the question of distribution in doubt, or the language does not exclude a distribution *per stirpes,* then the will must be construed as intending a distribution *per stirpes* and not *per capita.*"

The word "between" may be, and frequently is used in the same sense as "among." *Laisure* v. *Richards, supra.*

In Sec. 940, 2 Page on Wills, (2nd Ed) p. 1581, the author says: "In some states, the nature of descent and distribution under the statute is important because, unless the intention of the testator is clearly manifest in the will, the courts construe a will by which the property is to be divided among a specific class or contemplating a division in analogy to the statute of descent and distribution." See *Dollander* v. *Dhaemers* (1921), 297 Ill. 274, 130 N. E. 705, 16 A. L. R. 8. In an exhaustive note to the last cited case, the editor places Indiana among those states favoring stirpital distribution wherever possible.

Applying the foregoing rules of construction to the item of the will before us, we conclude that it was the intention of the testatrix to distribute the residue of her estate among the heirs of her deceased brothers and sisters *per stirpes* and not *per capita.* That it should first be divided into four equal shares, each share to be divided between the respective heirs, of each brother and sister according to their several degrees of kinship. It is only by such a distribution that recognition and effect can be given to the rules of

construction heretofore adopted and adhered to by the courts of our state.

The judgment is reversed with instructions to grant appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.