CYNTHIANA STATE BANK, EXCR., ET AL. *v.*
MURPHY ET AL.

[No. 17,895.  Filed October 31, 1949.  Rehearing denied December 1, 1949.  Transfer denied January 10, 1950.]

686

*William Espenschied* and *Francis Knowles,* both of Mt. Vernon; *Arthur H. Meyer;* and *Welborn & Miller,* of Evansville, for appellants.

*T. Morton McDonald* and *Douglas H. McDonald,* both of Princeton, for appellees.

Royse, J.—Appellees Albert Murphy, Winston Murphy and Harry C. Murphy brought this action against appellants and the other appellees to contest the last will and testament of Charles F. Murphy, deceased. The complaint was in two paragraphs. The first alleged decedent, at the date of execution of the will, was a person of unsound mind and that the will was unduly executed; the second, the will was not executed by decedent and his pretended signature was not made by him, and the will was not attested and subscribed in the presence of the witnesses thereto. Appellants filed a motion to strike out portions of the second paragraph of complaint on the grounds that no new or additional cause of action is or can be set up in said paragraph of complaint. The court overruled this motion. There was answer of admission and denial under the rules. Trial to the court without the intervention of a jury resulted in a finding and judgment in favor of appellees.

The errors assigned here are, that the trial court erred in overruling appellants' motion to strike out parts of the second paragraph of complaint; in overruling their motion for a new trial; in entering a new judgment after overruling the motion for a new trial.

Even if it be conceded that the trial court erred in overruling the motion to strike out, such action does not constitute reversible error. *Lindley* v. *Sink* (1940), 218 Ind. 1, 6, 30 N. E. 2d 456.

The specifications of the motion for a new trial are, that the decision of the court is not sustained by sufficient evidence and is contrary to law, and that the court erred in admitting certain evidence.

The trial court found that at the date of execution of the will in question the testator was of unsound mind

and incapable of making a will, and that said will was unduly executed. Judgment in accord with the findings.

Appellants contend there is not a scintilla of evidence to sustain the finding that the will was unduly executed, and that there is not sufficient evidence to sustain the finding testator was of unsound mind at the time the will was executed.

The findings and conclusions of the trial court have the effect of a verdict, a general finding for one of the parties being equivalent to a general verdict. 64 C. J. 1281, § 1161; *Heekin Can Company* v. *Porter et al.* (1943), 221 Ind. 69, 46 N. E. 2d 486; *Pierson et al.* v. *Hays* (1943), 113 Ind. App. 214, 47 N. E. 2d 838.

The first paragraph of complaint avers that at the date of execution the testator was of unsound mind and that the will was unduly executed. It was entirely proper to combine in one paragraph these grounds for setting aside the will. *McDonald et al.* v. *McDonald et al.* (1895), 142 Ind. 55, 63, 41 N. E. 336.

If there was sufficient evidence to sustain the decision of the court on either of the grounds asserted in the complaint, this specification of the motion for a new trial does not show reversible error. *Judy* v. *Woods* (1912), 51 Ind. App. 325, 330, 99 N. E. 792; *Crane et al.* v. *Hensler et al.* (1925), 196 Ind. 341, 348, 349, 141 N. E. 51, 146 N. E. 577, 148 N. E. 409.

There was a sharp conflict in the evidence on the question of the unsoundness of mind of the testator. Considering, as we must, only that evidence most favorable to appellees, we are of the opinion it was sufficient to sustain the decision of the court that at the time of the execution of the pretended will the testator was of such unsound mind as to render the

will invalid. Therefore, conceding there is no evidence that the will was unduly executed, we hold there is sufficient evidence to sustain the decision of the court and it is not contrary to law.

The next three specifications of the motion for a new trial question the action of the court in admitting certain evidence and in refusing to strike out some of such evidence. We have carefully examined these questions, the objections thereto, and the answers made thereto. Conceding without deciding that the court erred in admitting some of this evidence, in our opinion on the whole record in this case the appellants were not harmed thereby. Therefore, these specifications do not present a cause for reversal.

The court entered judgment in this case on December 1, 1948. Appellants filed their motion for a new trial on December 28, 1948. The record discloses that on February 1, 1949, the trial court overruled the motion for a new trial. At the same time the following proceedings were had:

"And now said defendants, The Cynthiana State Bank of Cynthiana, Indiana, as Executor of the Last Will and Testament of Charles F. Murphy, Deceased, and Evansville Protestant Home for the Aged, Evansville, Indiana, and each of them object to any further proceedings by the court herein in rendering a further judgment and decree for the reason that the court has overruled the motion for a new trial and cannot now enter a new judgment in this cause and for the further reason that the court has not opened the judgment of this court of December 1, 1948; has not taken additional testimony; has not amended finding of facts and conclusions and has not directed the entry of a new judgment nor directed the vacation of the judgment of December 1, 1948, and for the further reason that the court has no further jurisdiction in this matter, which objection is now by the court

overruled, to which ruling of the court, the said objectors and each of them at the time except."

Thereupon the court entered another judgment which differed from the judgment of December 1, 1948, only in that it adjudged that appellees recover from appellants their costs and directed the Clerk to transmit the certified record of the order and judgment herein to the Clerk of the Posey Circuit Court to be recorded in his record of wills, etc., and to cause due notice of said judgment to be served on the parties.

Both this court and the Supreme Court has held that a judgment rendered before the motion for a new trial is disposed of, does not necessarily become a final judgment within the meaning of the statute regulating appeals. *Courtney* v. *Luce et al.* (1936), 101 Ind. App. 622, 626, 200 N. E. 501; *Colchen* v. *Ninde et al.* (1889), 120 Ind. 88, 90, 22 N. E. 94. Furthermore, Rule 1-8 of the Rules of the Supreme Court of Indiana (1946 Revision) specifically grants the trial court, when the cause is tried to the court, authority to act as it did in this case.

Finding no reversible error, the judgment is affirmed.

NOTE.—Reported in 88 N. E. 2d 252.